

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

### NO. AP-76,348

**EX PARTE WENDY DUNBAR, Applicant**

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 96-08-01004-CR-A(1) IN THE 410TH JUDICIAL DISTRICT COURT FROM MONTGOMERY COUNTY

*Per curiam.*

### O P I N I O N

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant pleaded guilty to indecency with a child and received ten years' deferred adjudication community supervision. Her guilt was later adjudicated, and she was sentenced to four years' imprisonment. At the time of her adjudication, the trial court indicated that it would consider putting Applicant on "shock" probation if she served 180 days in prison without problems.

After serving 180 days in prison, Applicant was brought back to the trial court and granted

shock probation. The State appealed on the basis that Applicant was ineligible for shock probation due to the nature of the offense. The court of appeals vacated the community supervision order and reinstated the four-year prison term. *State v. Dunbar*, No. 96-08-104-CR (Tex. App. – Beaumont, October 15, 2008). This Court affirmed the court of appeals' decision on petition for discretionary review. *State v. Dunbar*, No. PD-1713-08 (Tex. Crim. App. 2009).

Applicant contends that her plea of "true" and her waiver of a hearing at adjudication were involuntary because the plea agreement cannot be followed, and also alleges that she was denied due process in the adjudication and sentencing because the parties mistakenly believed that she was eligible for shock probation.

The trial court has determined, *inter alia*, that due to the totality of the circumstances surrounding Applicant's plea of true, and subsequent conviction and sentence, her federal and state rights to due process and due course of law have been violated. Applicant is entitled to relief.

Relief is granted. The judgment adjudicating Applicant guilty in Cause No. 96-08-01004-CR-A in the 410th Judicial District Court of Montgomery County is set aside, and Applicant is remanded to the custody of the Sheriff of Montgomery County to answer the allegations in the State's motion to proceed to adjudication.

Copies of this opinion shall be sent to the Texas Department of Criminal Justice–Correctional Institutions Division and Pardons and Paroles Division.


Delivered: May 12, 2010
Do Not Publish